IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO 20-12781-BB

DAVID SOSA,

Plaintiff/Appellant,

vs.

SHERIFF WILLIAM SNYDER OF MARTIN COUNTY, FLORIDA,
in his official capacity, MARTIN COUNTY, FLORIDA,
DEPUTY M. KILLOUGH, individually, DEPUTY SANCHEZ,
individually, and JOHN DOE MARTIN COUNTY DEPUTIES,

Defendants/Appellees,

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:19-cv-14455-DMM

_____

ANSWER BRIEF OF APPELLEES SHERIFF WILLIAM SNYDER, DEPUTY
KILLOUGH,  DEPUTY SANCHEZ AND MARTIN COUNTY

_____

SUMMER M. BARRANCO
Florida Bar No. 984663
PURDY, JOLLY, GIUFFREDA,
BARRANCO & JISA, P.A.
2455 East Sunrise Boulevard,
Suite 1216
Fort Lauderdale, Florida 33304
Telephone:  (954) 462-3200
Telecopier:  (954) 462-3861
Counsel for Appellees Sheriff, Killough,
Sanchez and Martin County

SARAH W. WOODS
COUNTY ATTORNEY

ROBERT DAVID ARTHUR II
Florida Bar No. 13130
Senior Assistant County Attorney
2401 SE Monterey Road
Stuart, FL  34996-3322
Telephone:(772) 288-5438
Telecopier:(772) 288-5439
Co-counsel for Appellee Martin County

## CERTIFICATE OF INTERESTED PERSONS/CORPORATE DISCLOSURE STATEMENT

Counsel for Appellees/Defendants Sheriff, Killough, Sanchez and Martin County certify that the following persons and/or entities have or may have an interest in the outcome of this case:

Arthur, David, Co-counsel for Defendant/Appellee Martin County, Florida;

Barranco, Summer M., Esquire, Counsel for Defendants/Appellees Sheriff, Killough, Sanchez and Martin County;

Gilbert, Harris W., Counsel for Plaintiff/Appellant;

Kallinen Law PLLC, Counsel for Plaintiff/Appellant;

Kallinen, Randall L., Counsel for Plaintiff/Appellant;

Killough, Deputy, Defendant/Appellee;

Law Offices of Gilbert & Smallman, PLLC, Counsel for Plaintiff/Appellant;

Martin County, Florida, Defendant/Appellee;

Middlebrooks, Donald M., United States District Court District Judge;

Purdy, Jolly, Giuffreda, Barranco & Jisa, P.A., Counsel for Defendants/Appellees Sheriff, Killough, Sanchez and Martin County;

Sosa, David, Plaintiff/Appellant;

Snyder, William, Sheriff of Martin County, Defendant/Appellee;

Sanchez, Deputy, Defendant/Appellee.

C1

## STATEMENT REGARDING ORAL ARGUMENT

The Appellees, Sheriff, Killough, Sanchez and Martin County, suggest that oral argument is not necessary for this Court in determining the issues raised in this Appeal.

## <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PERSONS

AND CORPORATE DISCLOSURE STATEMENT ............................................ C1

STATEMENT REGARDING ORAL ARGUMENT.................................................i

TABLE OF CONTENTS .........................................................................................ii

TABLE OF CITATIONS  .......................................................................................iv

PRELIMINARY STATEMENT ...............................................................................1

STATEMENT OF THE ISSUES  .............................................................................2

STATEMENT OF THE CASE...................................................................................3

     A.     Course of Proceedings Below ...............................................................3

     B.     Statement of the Facts ...........................................................................3

     C.     Standard of Review ...............................................................................4

SUMMARY OF THE ARGUMENT .........................................................................6

ARGUMENT AND AUTHORITY.............................................................................7

I. THE DISTRICT COURT DID NOT ERR IN DISMISSING THE FIRST

AMENDED COMPLAINT WITH PREJUDICE.......................................................7

     A.     Sosa Failed to Plead an Underlying Constitutional Violation.............11

     B.     Defendants Killough and Sanchez Were Properly Dismissed ...........15

     C.     Defendants Killough and Sanchez Are Otherwise Entitled to Qualified

                Immunity ..............................................................................................16

D.    Sosa Failed to Plead a Plausible *Monell* Claim ................................... 20

E.    Sosa Has Not and Cannot Allege A Claim for §1983 Relief Against Martin County Because Florida Law Dictates the Sheriff is An Independent Constitutional Officer Whose Actions County Cannot Control ................................................................................................. 24

CONCLUSION ....................................................................................... 28

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)(7)(B) ............................ 29

CERTIFICATE OF SERVICE ................................................................... 30

# <u>TABLE OF CITATIONS</u>

## <u>CASELAW</u>

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ...........................................................5, 8

* Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433
      (1979) .........................................................................................................12-15

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ....................................4, 5, 8

Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403
      (1997) ..................................................................................................20-22, 24

Bright v. Thomas, 754 Fed.Appx. 783,789 (11th Cir. 2018) ............................. 10, 20

Brooks v. Scheib, 813 F.2d 1191 (11th Cir. 1987) ...................................................23

Brown v. City of Fort Lauderdale, 923 F.2d 1474 (11th Cir. 1991) ........................23

Brown v. Neumann, 188 F. 3d 1289, (11th Cir. 1999) ..............................................21

Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) ................................27

Chapman v. City of Atlanta, Georgia, 192 Fed.Appx. 922 (11th Cir. 2006) ............ 12

Chesser v. Sparka, 248 F.3d 1117, 1121 (11th Cir. 2001)........................................20

Church v. City of Huntsville, 30 F.3d 1332, 1344 (11th Cir. 1994) .........................23

City of Canton v. Harris, 489 U.S. 378, 390-91 (1989)...........................................24

City of Los Angeles v. Heller, 475 U.S. 796 (1986) ................................................24

Dalrymple v. Reno, 334 F.3d 991, 996 (11th Cir. 2003) ...........................................5

Dartland v. Metropolitan Dade County, 866 F.2d 1321 (11th Cir. 1989)................ 18

Davis v. Scherer, 468 U.S. 183, 196 (1986) ............................................................17

Depew v. City of St. Mary, 787 F.2d 1496, 1499 (11th Cir. 1986) ..........................23

Diaz v. Broward Cty., Fla., 2006 WL 8431659 (S.D. Fla. 2006) ............................27

Frasier v. McCallum, 2016 WL 3545793 (N.D. Fla. 2016).....................................12

Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003) ........................................16

Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1330 (11th Cir. 2003) ....................21, 27

Gurrera v. Palm Beach County Sheriff's Office, 657 Fed. App'x. 886, 893
        (11th Cir. 2016)...............................................................................................21

Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982)...............................................17, 18

Hill v. California, 401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971) ...............11

Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003)..................................................4

Hinshon v. King & Spalding, 467 U.S. 69, 73 (1984).................................................7

Hope v. Pelzer, 536 U.S. 730 (2002) ........................................................................20

Hutton v. Strickland, 919 F.2d 1531, 1537 (11th Cir. 1990) ...................................17

Jones ex rel. Albert v. Lamberti, 2008 WL 4070293 (S.D. Fla. 2008)....................25

Kisela v. Hughes, 138 S.Ct. 1148 (2018) .................................................................19

L.S. by Hernandez v. Peterson, 2018 WL 6573124, at *10 (S. D. Fla.  2018),
        appeal docketed, No. 19-14414 (11th Cir. Nov. 7, 2019).............................11

Lewis v. City of West Palm Beach, Fla., 561 F. 3d 1288, 1293
        (11th Cir. 2009)...............................................................................................24

Malley v. Briggs, 475 U.S. 335, 341 (1986)............................................................17

McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004)....................................21

McMillian v. Monroe Cty., Ala., 520 U.S. 781, 791, 117 S. Ct. 1734, 138
        L. Ed. 2d 1 (1997)...........................................................................................25

Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411

(1985) ..................................................................................16

Monell v. Dept. of Soc. Servs., 436 U.S. 658, 695 (1978) ................................20, 24

Mullenix v. Luna, 136 S.Ct. at 308-309 (2015)........................................................19

Nettle v. City of Leesburg-Police Dep't, 415 Fed. App'x 116, 122
(11th Cir. 2010)................................................................................10

Nias v. City of Florida City, 2008 WL 2332003 (S.D. Fla. 2008)..........................22

Pearson v. Callahan, 555 U.S. 223 (2009)..............................................................18

Perez v. Metropolitan Dade County, 2006 WL 4056997 (S.D.Fla. 2006)..............22

Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993)....................8

Pickens v. Hollowell, 59 F.3d 1203, 1208 (11th Cir.1995) ......................................12

Poulakis v. Rogers, 341 Fed. Appx. 523 (11th Cir. 2009).......................................19

Randall v. Scott, 610 F.3d 701, 709-10 (11th Cir. 2010)...........................................8

Real v. City of Ft. Myers, 787 Fed.Appx. 624 (11th Cir. 2019) ..............................10

* Rodriguez v. Farrell, 280 F.3d 1341, 1346 (11th Cir. 2002) ..............11, 12, 16, 19

Scott v. Experian Info. Sols., Inc., 2018 WL 3360754, at *6
(S.D. Fla. 2018) ...............................................................................22

Simione v. Libman, 2019 WL 6324284, *2 (S.D. Fla. 2019), appeal docketed,
No. 19-14940 (11th Cir. Dec. 10, 2019).........................................................23

Skop v. City of Atlanta, 485 F.3d 1130 (11th Cir. 2007).........................................19

St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002) ....................20

Tillman v. Coley, 886 F.2d 317 (11th Cir. 1989)......................................................17

Turquitt v. Jefferson Cty., Ala., 137 F.3d 1285, 1287 (11th Cir. 1998) ..................24

<u>Wakefield v. City of Pembroke Pines</u>, 269 Fed. Appx. 936, 939
    (11th Cir. 2008).................................................................................21

<u>Walker v. Prieto</u>, 414 F. Supp. 2d 1148, 1153 (S.D. Fla. 2006).............................12

<u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1328-29
    (11th Cir. 2015) ..............................................................................10

<u>Weitzenfeld v. Dierks</u>, 312 So. 2d 194, 196 (Fla. 1975) .........................................26

<u>White v. Pauly</u>, 137 S.Ct. 548, 552 (2017)...............................................................19

<u>Wilchombe v. TeeVee Toons, Inc.</u>, 555 F.3d 949, 959 (11th Cir. 2009)...................8

<u>Williams v. Bennett</u>, 689 F.2d 1370, 1380 (11th Cir. 1982).....................................15

<u>Ziegler v. Jackson</u>, 716 F.2d 847 (11th Cir. 1987)...................................................18

## <u>STATUTES/CONSTITUTIONAL PROVISIONS</u>

42 U.S.C. section 1983 ................................................ 6, 7, 10-12, 14, 15, 20-24, 27

Fla. Const. Art. VIII, § 1(d) .....................................................................................25

Fla. Stat. § 145.071 .................................................................................................25

Fla. Stat. § 30.079 ...................................................................................................26

Fla. Stat. § 30.15 .....................................................................................................25

Fla. Stat. § 30.22 .....................................................................................................25

Fla. Stat. § 30.49 .....................................................................................................25

Fla. Stat. § 30.50 .....................................................................................................25

Fla. Stat. § 30.53 .....................................................................................................25

Fla. Stat. § 30.555 ...................................................................................................25

Fla. Stat. § 951.033 ..................................................................................25

## FEDERAL RULES OF CIVIL AND APPELLATE PROCEDURE

11th Cir.R.32-4 ....................................................................................29

FRAP 32(a)(7)(B) ....................................................................................29

## PRELIMINARY STATEMENT

Reference to pleadings and other court papers in this Answer Brief will be made by referring to the document number, and page number within the document. References to line number or paragraph number will be made as appropriate. [R-__-pg. __-ln. __-¶___].

## STATEMENT OF THE ISSUES

I. THE DISTRICT COURT DID NOT ERR IN DISMISSING THE FIRST AMENDED COMPLAINT WITH PREJUDICE.

      A. SOSA FAILED TO PLEAD AN UNDERLYING CONSTITUTIONAL VIOLATION.

      B. DEFENDANTS KILLOUGH AND SANCHEZ ARE OTHERWISE ENTITLED TO QUALIFIED IMMUNITY.

      C. SOSA FAILED TO PLEAD A PLAUSIBLE MONELL CLAIM.

      D. SOSA HAS NOT AND CANNOT ALLEGE A CLAIM FOR §1983 RELIEF AGAINST MARTIN COUNTY BECAUSE FLORIDA LAW DICTATES THE SHERIFF IS AN INDEPENDENT CONSTITUTIONAL OFFICER WHOSE ACTIONS COUNTY CANNOT CONTROL.

## STATEMENT OF THE CASE

### A.    Course of Proceedings Below

On November 19, 2019, Plaintiff filed his original complaint [R-1], to which the Defendants filed their Motions to Dismiss. [R-15, 17]. Pursuant to Rule 15(a), on March 9, 2020, Plaintiff filed his Amended Complaint. [R-18]. Thereafter, Defendants again filed Motions to Dismiss. [R-19, 22]. Plaintiff filed responses thereto [R-23, 27] and Defendants filed their Replies in Support of their Motions to Dismiss. [R-26, 28]. On June 25, 2020, the trial court judge entered an Order granting the Defendants' Motions to Dismiss with prejudice. [R-32]. The instant appeal followed. [R-33, 34].

### B.    Statement of the Facts[1]

This case arises out of the mistaken arrest of Plaintiff, David Sosa, pursuant to a warrant for the arrest of another individual by the same name. On April 20, 2018, Defendant Killough stopped Plaintiff for committing a traffic violation in Martin County, Florida. [R-18-¶39]. Defendant Killough ran Plaintiff's name during the traffic stop and identified a warrant out of Texas for a "David Sosa." [R-18- ¶¶39-41].[2] It appears the warrant was issued approximately 27 years ago and included personal identifiers for the wanted David Sosa. [R-18-¶22]. According to the complaint, the

---

[1] These facts are taken in large part from the District Court's Order granting the Defendants' Motions to Dismiss. [R-32].

[2] Sosa alleged that he had been stopped and detained for three hours on the same Texas warrant by Martin County Sheriff's deputies in November 2014. [R-18-¶¶35-38].

Plaintiff's date of birth, height, weight, and social security number differed from those listed on the warrant, along with other physical identifiers, such as a tattoo. [R-18-¶¶22, 41]. However, other than a clearly stated 40-pound weight discrepancy, the extent of these differences is unclear based on the facts pled.

Despite Plaintiff's protests that the warrant was for another individual, as evidenced by the difference in date of birth, social security number, and other identifiers, Defendant Killough nonetheless arrested Plaintiff on the basis of this warrant. [R-18-¶41]. Plaintiff was processed at the Martin County jail. [R-18-¶43]. During the booking process, Plaintiff unsuccessfully attempted to explain to Defendant Sanchez and other Martin County employees that his identifying information did not match the warrant. Id. At his first appearance, Plaintiff alleges that he wanted to explain the case of mistaken identity to the judge, but he was threatened by Martin County jailers not to speak to the judge during the hearing. [R-18-¶44]. Plaintiff was released from custody on April 23, 2018. [R-18-¶45].

C.    **Standard of Review**

A district court's dismissal under Rule 12(b)(6) is subject to *de novo* review. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).   To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." Id.  "[N]aked assertions devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation and alteration omitted). Unless the Appellant has "nudged his claim across the line from conceivable to plausible," the complaint "must be dismissed." Twombly, 550 U.S. at 555.  "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." Dalrymple v. Reno, 334 F.3d 991, 996 (11th Cir. 2003) (citations omitted).

## SUMMARY OF THE ARGUMENT

The only claim brought by Plaintiff Sosa in the First Amended Complaint was for an alleged violation of his constitutional rights pursuant to Title 42 U.S.C. section 1983. As the trial court properly found that Plaintiff Sosa did not plausibly allege that his constitutional rights had been violated, it appropriately determined that all Defendants were entitled to dismissal with prejudice. Furthermore, the Defendants were otherwise entitled to dismissal with prejudice as the individually named Defendants Killough and Sanchez were entitled to qualified immunity and Plaintiff did not and could not sufficiently allege governmental liability against either the Sheriff or the County.

## ARGUMENT AND AUTHORITY

I.    THE DISTRICT COURT DID NOT ERR IN DISMISSING THE FIRST AMENDED COMPLAINT WITH PREJUDICE

The district court liberally interpreted Plaintiff's single section 1983 count against all Defendants as having three distinct claims: 1) false arrest; 2) over-detention and 3) *Monell* liability. [R-32-pg. 2]. Plaintiff brought no state law claims. Therefore, for any of Plaintiff's claims to survive the motion to dismiss stage, there must be a plausible allegation that Sosa had suffered a violation of his constitutional rights. As the trial court properly found that Plaintiff did not plausibly allege that his constitutional rights had been violated, it appropriately determined that all Defendants were entitled to dismissal with prejudice. Furthermore, the Defendants were otherwise entitled to dismissal with prejudice as the individually named Defendants Killough and Sanchez were entitled to qualified immunity and Plaintiff did not and could not sufficiently allege governmental liability against either the Sheriff or the County.

Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true, Hinshon v. King & Spalding, 467 U.S. 69, 73 (1984), and is generally limited to the four corners of the complaint.

Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009)[3]. The Court, however, need not accept legal conclusions as true. Iqbal, supra. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, does not suffice."Id. A "formulaic recitation of the elements of a cause of action" will not pass 12(b)(6) muster. Twombly, 550 U.S. at 555.

> A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth–legal conclusions must be supported by factual allegations. The district court should assume, on a case-by-case basis, that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement for relief.

Randall v. Scott, 610 F.3d 701, 709-10 (11th Cir. 2010).

"While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, supra.

Further, a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [him]." Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993). In the instant case, the First Amended Complaint contains only minimal details regarding the alleged differences in identifiers between Plaintiff David Sosa and the wanted David Sosa as

---

[3]As a result, many of Sosa's arguments, such as those found on page 20 of his Brief are inapposite.

well as only conclusory allegations of wrongdoing on the part of the Defendants. It

otherwise improperly commingles allegations against both the Sheriff and the County,

which are two distinct governmental entities. For instance, the First Amended

Complaint alleges:

> 53. Defendant The Sheriff and Martin County and individual defendant deputies violated David's Fourth Amendment and Fourteenth Amendments rights, at least, when they searched and detained and arrested him without probable cause or reasonable suspicion. Also, Defendants took 3 days to check David's identity and get him out-an Unconstitutionally lengthy time. There was no warrant for the plaintiff, only a warrant for a similarly named person with a different date of birth, height, and weight, all identifiable from the driver license provided to the deputies.

> 54. Defendant The Sheriff and County and Individual deputies arrested David without a warrant and without probable cause in violation of his clearly established rights.

> 55. Defendant The Sheriff and County and Individual deputies had no objectively reasonable belief that the arrest was lawful. The facts and circumstances as described above would not lead a prudent person to believe that an offense had been committed. The totality of circumstances in this case, viewed from the standpoint of an objectively reasonable police officer, would not and did not amount to probable cause.

> 56. While David was eventually released and no charges were filed the defendants had plenty of time to look up whatever they needed to clear David but they did not.

> 57.  Defendant Sheriff and County did not have adequate written policies, or train or supervise the deputies properly such that they arrested David a second time without any probable cause because they refused to consider the fact that all of the identifying information on the warrant for the different David Sosa was different from what was displayed on the plaintiff's driver license, which was in possession of the deputies and the department.

58. Defendant Sheriff and County clearly condoned and ratified the actions of the Defendant Deputies by allowing the arrest and subsequent detention to take place despite having full knowledge of the facts and circumstances surrounding the situation. The deliberately indifferent training and supervision was a direct and proximate cause of the deprivation of David's federally protected rights. As such, the execution of official policy caused the constitutional violations.

59. Upon information and belief Martin County has arrested many innocent individual because they failed to exclude a person based upon different identifying information between detainee and the actual person wanted for a warrant.

60. Defendant Sheriff and County already has established a pattern and practice of arresting people without probable cause. [R-18-pgs. 10-11].

It was appropriate for the District Court to dismiss the First Amended Complaint with prejudice as the Plaintiff had already amended his complaint and still failed to state a claim for a violation of his constitutional rights or otherwise cure the deficiencies set forth therein[4]. See Bright v. Thomas, 754 Fed.Appx. 783,789 (11th Cir. 2018); Real v. City of Ft. Myers, 787 Fed.Appx. 624 (11th Cir. 2019); Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1328-29 (11th Cir. 2015) (affirming Iqbal-Twombly-based dismissal of §1983 claim against sheriff's office; plaintiff failed to allege pattern of similar constitutional violations by untrained employees and failed to allege facts to support conclusory allegation that sheriff's office was "on notice" of need to promulgate, implement, or oversee policies); Nettle v. City of Leesburg-Police

---

[4]The Amended Complaint was the same as the original complaint except for additional allegations of other persons named David Sosa (¶¶s 10 - 18); additional factual allegations about the arrests (¶¶ 34-38, 47, and 49) and additional conclusory allegations about the County (¶59).

Dep't, 415 Fed. App'x 116, 122 (11th Cir. 2010) (affirming Iqbal-Twombly-based dismissal of §1983 claim against city police department; plaintiff failed to allege "factual content" that would allow the court to draw a reasonable inference of liability); see also L.S. by Hernandez v. Peterson, 2018 WL 6573124, at *10 (S. D. Fla. 2018), appeal docketed, No. 19-14414 (11th Cir. Nov. 7, 2019)(granting Iqbal-Twombly-based dismissal of §1983 claim against county, concluding allegation that defendants "engaged in conduct that constituted a custom, usage, practice or procedure or rule of the respective municipality/authority" fell "woefully short of stating a plausible claim" for liability against county).

## A.    Sosa Failed to Plead an Underlying Constitutional Violation

Sosa seems to suggest in his Brief that in regard to an arrest involving a warrant, the United States Constitution is violated unless all of a warrant's identifiers "match" an individual who is stopped and arrested by police. However, that is not the law.  The cause of action for mistaken arrests is rooted in the Fourth Amendment. See Rodriguez v. Farrell, 280 F.3d 1341, 1346 (11th Cir. 2002). This Court explained in the Rodriguez case that:

> [i]n Hill v. California, 401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971), the Supreme Court determined, in a criminal case, whether the mistaken arrest of one person (for whom no probable cause existed) based upon the misidentification of that person as a second person (for whom probable cause to arrest existed) violated the Constitution. The Court concluded 'no,' writing that '[w]hen the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest.' Id.  at 802, 91 S.Ct. 1106 (alteration in original).

The same 'reasonable mistake' standard applies (1) in the context of a
section 1983 action and (2) when the police have a valid warrant–as
opposed to just probable cause–to arrest someone, but mistakenly arrest
someone else due to a misidentification." (some internal citations
omitted).

Rodriguez, 280 F.3d at 1346. This Court went on to find that notwithstanding some

differences between the plaintiff and the individual named in the warrant, including

a five inch height difference, those differences did not equate to an unreasonable

mistake such that no constitutional violation had occurred.

Arresting police officers need not act as judges determining ultimate
facts .... There are limits on how much independent investigating an
officer must make before executing an arrest warrant, even when the
arrested person is asserting a claim of mistaken identity...The question
is not whether the police could have done more; but whether they did
just enough.

Id at 1353, nt. 15. (internal citations omitted); see also, Chapman v. City of Atlanta,

Georgia, 192 Fed.Appx. 922 (11th Cir. 2006). Moreover, an arresting officer is "not

obligated to accept plaintiff's statements [of mistaken identity] as true." Rodriguez,

280 F.3d at 1353, nt. 15; see also Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61

L.Ed.2d 433 (1979); Pickens v. Hollowell, 59 F.3d 1203, 1208 (11th Cir.1995)

(explaining that officers need not "investigate independently every claim of

innocence"); Frasier v. McCallum, 2016 WL 3545793 (N.D. Fla. 2016); Walker v.

Prieto, 414 F. Supp. 2d 1148, 1153 (S.D. Fla. 2006).

As noted by the trial court below:

[a]ccording to the complaint, the Plaintiff's date of birth, height, weight,
and social security number differed from those listed on the warrant,

12

along with other physical identifiers, such as a tattoo. (Id. at ¶¶22, 41). However, other than a clearly stated 40-pound weight discrepancy, the extent of these differences is unclear based on the facts pled.

Plaintiff Sosa had already amended his complaint once before and had failed to set forth more details about the alleged differences between himself and the David Sosa that was wanted in the 27 year old Texas warrant[5]. Contrary to Sosa's repeated assertions in his Brief, it is clear from the allegations of the Amended Complaint, that *more than just David Sosa's name matched* the old warrant. As noted by the trial court:

> Here, Plaintiff concedes that his name and sex are identical to those on the warrant. Plaintiff highlights a 40-pound weight difference and he generally alleges that there existed a "substantial height difference" (DE 18 ¶22), but otherwise Plaintiff's Complaint lacks specific factual details as to any other material differences between the Plaintiff and the individual described in the warrant. I find it particularly significant that the warrant was outstanding for 27 years. Such a significant passage of time would render differences such as the 40-pound weight discrepancy virtually meaningless, as weight could certainly fluctuate significantly within such a long period. Further, the fact that the warrant lists one tattoo is relatively insignificant given that tattoos can be covered or even removed. [R-32-pg. 7].

The District Court noted in regard to Sosa's "over detention claim" that although Plaintiff may well have a claim for a violation of state tort law which he may decide to bring in state court, he did not have a constitutional claim. The Court stated:

> [i]n Baker v. McCollan, the United States Supreme Court considered a similar claim of unconstitutional detainment following an arrest pursuant to a valid warrant. 443 U.S. 137, 142 (1979). There, the plaintiff was falsely arrested after a warrant was issued in his name for crimes

---

[5]This failure suggests that any differences were likely insignificant.

committed by his brother, who was using the plaintiff's identity. Id. at 140. Following his arrest, the plaintiff was held in custody by the defendant sheriff for a period of four days until the veracity of his claim of innocence was validated. Id. at 141. The plaintiff filed a §1983 false imprisonment action, asserting that the prolonged period of detention deprived him of liberty without due process of law. Id. at 142.

Significantly, the plaintiff in Baker did not dispute the validity of the warrant, but instead only argued that defendant sheriff "had negligently failed to establish certain identification procedures which would have revealed that respondent was not the man wanted in connection with the drug charges on which he was arrested." Id. at 139. The Court acknowledged that "[o]bviously, one in [the plaintiff's] position could not be detained indefinitely in the face of repeated protests of innocence even though the warrant under which he was arrested and detained met the standards of the Fourth Amendment." Id. However, the Court explained that "a sheriff executing an arrest warrant is [not] required by the Constitution to investigate independently every claim of innocence… [n]or is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim." Id. at 146. Ultimately, the Court held that the plaintiff did not have a claim cognizable under §1983 because he did not suffer a constitutional violation. Id.

Here, Plaintiff was held in custody for three days while Defendants confirmed he did not match the identity of the wanted "David Sosa." As discussed in the previous section, the Defendant Officers did not commit a constitutional violation by arresting Plaintiff pursuant to the warrant in question. Therefore, as in Baker, absent a constitutional defect in the "validity of the warrant under which he was arrested, respondent's complaint is simply that despite his protests of mistaken identity, he was detained [for four days] . . . ." Id. at 144. The Supreme Court did not find that this four-day period constituted excessive detention. Accordingly, I do not find a three-day detainment to be a violation of any constitutional protection that would serve as a basis for a cognizable §1983 claim.... [R-32-pgs. 8-9].

The District Court declined to allow Sosa to amend for the purpose of

exercising its supplemental jurisdiction over an exclusively state law tort action which

14

was well within its authority to do pursuant to Title 28 U.S.C. §1367. [R-32-pg. 10].
Sosa attempts to distinguish Baker in his Brief by stating "the fact that David was
detained during the workweek both increased the damages he suffered and, more
importantly, removes the holiday weekend justification present in *Baker* for a
three-day detention." (Sosa Brief at pg. 23). However, Sosa's arrest on *Friday*, April
20, 2018 occurred at the tail end of the work week, and his release three days later on
a Monday, is very much like the situation in Baker in which the United States
Supreme Court declined to recognize a constitutional violation.  The trial court
correctly concluded that the Defendant officers did not violate the Constitution by
arresting and subsequently booking and detaining Sosa for three days. [R-32-pg. 7].

## B.  **Defendants Killough and Sanchez Were Properly Dismissed**

As Sosa failed to state a claim for a constitutional violation, it was proper for
the district court to dismiss the Defendants Killough and Sanchez. This is so because
for the Plaintiff to establish a claim pursuant to Title 42 U.S.C. §1983, he must
establish that each named defendant was the particular person who violated his
substantive constitutional rights. See Baker, supra.

This Court in Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982), cert.
denied, 464 U.S. 932 (1983), held that the language in §1983 plainly requires proof
of an affirmative causal connection between the actions taken by a particular person
"under color of state law" and a constitutional deprivation. Id at 1380. This Court
further stated that in order to prevail against an individual defendant under §1983, the

plaintiff must establish that the conduct alleged violated a constitutional right, that the individual defendant intentionally, or by callous indifference, was a cause of the constitutional deprivation, and that this deprivation was a legal cause of his injuries. Id at 1381. The Amended Complaint did not set forth sufficient facts to demonstrate that the Defendants Killough or Sanchez violated Plaintiff's constitutional rights or that they were not otherwise entitled to qualified immunity. See infra.

## C.   Defendants Killough and Sanchez Are Otherwise Entitled to Qualified Immunity

As the trial court expressly and appropriately found that the Defendant officers did not violate Sosa's constitutional rights, it did not need to reach the issue of qualified immunity. However, even if this Court were to find that the lower court erred in its analysis in regard to the Plaintiff's failure to plead an underlying constitutional violation, the individual Defendants would still be entitled to judgment in their favor on the defense of qualified immunity. See Rodriguez, supra.

As qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation," Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985), questions of qualified immunity "must be resolved at the earliest possible stage in litigation." Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003)(internal citations omitted).  As a result, it is "appropriate for a district court to grant the defense of qualified immunity at the motion to dismiss stage if the complaint fails to allege the violation of a clearly established constitutional right." Id (internal

citations omitted).

Here, Sosa failed to plead facts sufficient to overcome the defense of qualified immunity which is at issue in any individual capacity civil rights case and which was specifically raised by the Defendants Killough and Sanchez. The qualified immunity defense protects governmental officials from suit in their individual capacities for acts based on the use of their discretion. See Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982).    Qualified immunity affords broad protection to "all but the plainly incompetent or those who knowingly violate the law." See Malley v. Briggs, 475 U.S. 335, 341 (1986); Hutton v. Strickland, 919 F.2d 1531, 1537 (11ᵗʰ Cir. 1990); Tillman v. Coley, 886 F.2d 317 (11ᵗʰ Cir. 1989).

> The Supreme Court of the United States has indicated that:
>
> Such officials as police officers or prison wardens, to say nothing of higher level officials who enjoy only qualified immunity routinely make close decisions in the exercise of the broad authority that necessarily is delegated to them.  These officials are subject to a plethora of rules, often so voluminous, ambiguous, and contradictory, and in such flux that officials can comply with them only selectively. . . . In these circumstances, officials should not err always on the side of caution.

Davis v. Scherer, 468 U.S. 183, 196 (1986).

In Harlow, supra, the United States Supreme Court applied an objective test regarding government officials performing discretionary duties, and specifically noted:

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a

17

reasonable person would have known.

See Harlow, supra at 818.

Qualified immunity presents a question of law for the court regardless of which stage of the procedure, if a determination must be made.  See Dartland v. Metropolitan Dade County, 866 F.2d 1321 (11th Cir. 1989).  The burden of proof on the defense of qualified immunity is allocated as follows:  First, it is the obligation of the defendant who claims that he or she is entitled to qualified immunity to demonstrate that his or her actions were taken within the scope of his or her discretionary authority.  Here the Amended Complaint alleges that Defendants Killough and Sanchez were deputies with the Martin County Sheriff's office and came into contact with Plaintiff Sosa during a traffic stop (as to Killough) or during his booking procedure (as to Sanchez). [R-18-¶¶39-42, 43].  As a result, these Defendants were performing discretionary functions as to any contact or activity they allegedly took in regard to Mr. Sosa.

When the initial burden of the defendant public official has been met, it is then incumbent upon the plaintiff to demonstrate that the defendant public official acted in bad faith, i.e. "violated clearly established constitutional law."See Ziegler v. Jackson, 716 F.2d 847 (11th Cir. 1987)[6].  The United States Supreme Court has more recently reiterated the fact that: "'[c]learly established law' should not be defined at a high level of generality...the clearly established law must be particularized to the

---

[6]The Court is authorized to resolve the qualified immunity question first and is no longer required to first determine whether an actual constitutional violation occurred. See Pearson v. Callahan, 555 U.S. 223 (2009).

facts of the case." See White v. Pauly, 137 S.Ct. 548, 552 (2017)(internal citations omitted).

The factually similar case law approach to resolving qualified immunity requires application of White v. Pauly, 137 S.Ct 548 (2017) and Kisela v. Hughes, 138 S.Ct. 1148 (2018). These cases require that prior cases be sufficiently similar and particularized to the facts of the case before the Court to make it clear to a Defendant that his conduct is violating the Constitution. Otherwise, "police officers are entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue.'" Kisela, 138 S.Ct. at 1152 (quoting Mullenix v. Luna, 136 S.Ct. at 308-309 (2015)).

Sosa in his Brief, while seeming to ignore Rodriguez, supra, relies on Skop v. City of Atlanta, 485 F.3d 1130 (11ᵗʰ Cir. 2007) and Poulakis v. Rogers, 341 Fed. Appx. 523 (11ᵗʰ Cir. 2009) on this point. However, both Skop and Poulakis involve *warrantless arrests* and are not sufficiently factually similar to clearly establish the law here. Furthermore, as previously stated, this is not a case where someone was arrested simply because their last name matched the last name of the person wanted on a warrant.

Sosa otherwise argues that this is an obvious clarity case. (Sosa Brief at pgs. 26-27). However, the United States Supreme Court has referred to the "obvious case" as a rarity. See District of Columbia v. Wesby, 138 S.Ct. 577, 590 (2018). The allegations of the First Amended Complaint make it clear that this is not an obvious

violation case such as in <u>Hope v. Pelzer</u>, 536 U.S. 730 (2002) as urged by Sosa.

Although there is no longer a heightened pleading standard, as it would relate to the defense of qualified immunity, Sosa was still required to plead facts sufficient to state a claim against the Defendants Killough and Sanchez in their individual capacity. Mr. Sosa failed to do so. Consequently, the Defendants Killough and Sanchez are entitled to qualified immunity, and the motion to dismiss was properly granted. <u>See generally</u> <u>St. George v. Pinellas County</u>, 285 F.3d 1334, 1337 (11th Cir. 2002) (<i>citing</i> <u>Chesser v. Sparka</u>, 248 F.3d 1117, 1121 (11th Cir. 2001)); <u>Bright</u>, <u>supra</u>.

## D.    **Sosa Failed to Plead a Plausible *Monell* Claim**

It has long been established that a plaintiff may only sue a governmental entity such as a Sheriff or County, under 42 U.S.C. §1983, for deprivations of a federal right for which a "policy" or "custom" of the governmental entity was the moving force. <u>Monell v. Dept. of Soc. Servs.</u>, 436 U.S. 658, 695 (1978). Additionally, the doctrine of respondeat superior does not apply in 42 U.S.C. §1983 cases. Hence, to the extent the Amended Complaint attempted to state a claim against either the Sheriff or the County pursuant to section 1983 merely for the alleged misconduct of the Sheriff's deputies, such is improper. <u>See</u> <u>Board of County Com'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 403 (1997).

This Court has recognized that to establish §1983 liability against a governmental entity, "a plaintiff must allege facts showing: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted

deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." Gurrera v. Palm Beach County Sheriff's Office, 657 Fed. App'x. 886, 893 (11th Cir. 2016) (citing to McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004); Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1330 (11th Cir. 2003); see also Brown, 520 U.S. at  403. ("[W]e have required a plaintiff seeking to impose liability on a municipality under §1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury").

As to the definition of "policy" and "custom" this Court has stated:

[t]his Court has defined a 'policy' as 'a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality.' A 'custom' on the other hand, 'is a practice that is so settled and permanent that it takes on the force of law.' To establish the liability of a municipality based on a custom, 'it is generally necessary to show a persistent and widespread practice.'

Wakefield v. City of Pembroke Pines, 269 Fed. Appx. 936, 939 (11th Cir. 2008). The key to the "policy" prong of §1983 liability, is that at minimum, the action that is alleged to be unconstitutional must implement or execute a "decision officially adopted and promulgated" by the governmental entity. Id. Thus it is not enough for a §1983 plaintiff merely to identify conduct properly attributable to the governmental entity's agents. See Brown, 520 U.S. at 404, and Brown v. Neumann, 188 F. 3d 1289, (11th Cir. 1999)(holding that deputy sheriffs are not policymakers for the Sheriff simply by virtue of being employed by the Sheriff). Rather, the "policy" prong ensures that a plaintiff also demonstrate that the governmental entity's deliberate

action was taken with the "requisite degree of culpability and [to] demonstrate a *direct causal link between the action and the deprivation of federal rights."* Brown, 520 U.S. at 403. In other words, requiring a "policy" ensures that a governmental entity is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or those officials whose acts may fairly be said to be those of the governmental entity. Id at 403-404.

Additionally, in order to state a cause of action for deprivation of constitutional rights against a governmental entity under §1983, Sosa must plead the official policy or practice that purportedly caused his injury. Nias v. City of Florida City, 2008 WL 2332003 (S.D. Fla. 2008) (holding that §1983 claim against municipality should be dismissed because the claim only included "vague and conclusory allegations of customs or policies" and dismissing claim because the "Complaint failed to allege any specific City policy, custom, or training inadequacy"); see also Perez v. Metropolitan Dade County, 2006 WL 4056997 (S.D.Fla. 2006)(dismissing complaint and stating that "a plaintiff may [not] simply put forth vague and conclusory allegations alleging the existence of an official policy...the simple mention of 'policy and/or custom' is not enough"). Sosa's assertion at page 28 of his Brief that he can plead on information and belief in the Amended Complaint does not save him as "[c]onclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard." Scott v. Experian Info. Sols., Inc., 2018 WL 3360754, at *6

(S.D. Fla. 2018)(internal citations omitted).

To establish the existence of a custom or practice, it is generally necessary to show a persistent and wide-spread practice of the alleged unconstitutional behavior that existed before the allegations in this Complaint and which amounted to the practice or custom of the governmental entity at the time of the subject incident. Here, Sosa alleged he was wrongfully arrested on the warrant first in November of 2014 and then again, approximately *3 ½ years later* on April 20, 2018.[7] Any suggestion by Sosa that the single prior incident in 2014 sufficiently states a section 1983 official capacity claim as to the April 2018 arrest is without merit. See Church v. City of Huntsville, 30 F.3d 1332, 1344 (11th Cir. 1994)("[S]ingle instance of 'harassment'. . . certainly does not establish a pattern or evidence a policy."). Moreover, knowledge of such customs must be attributable to the governmental entity, here the Sheriff in his official capacity or the County, as a policy level-making official. Normally, random acts or isolated incidents are insufficient to establish a custom or practice. See Depew v. City of St. Mary, 787 F.2d 1496, 1499 (11th Cir. 1986); see also Brooks v. Scheib, 813 F.2d 1191 (11th Cir. 1987); Brown v. City of Fort Lauderdale, 923 F.2d 1474 (11th Cir. 1991).

---

[7]It was unclear from the Amended Complaint whether Sosa was intending to seek damages for both of those occasions. However, it is clear that the statute of limitations has expired as to the first arrest given approximately five years has passed since that incident and the filing of the subject complaint. See Simione v. Libman, 2019 WL 6324284, *2 (S.D. Fla. 2019), appeal docketed, No. 19-14940 (11th Cir. Dec. 10, 2019).

Likewise, Sosa's conclusory allegations against the Sheriff and County for a failure to train are woefully inadequate and insufficient as a matter of law to establish a custom or policy. See Brown, 520 U.S. at 404-15 (explaining that a failure to train claim requires a deficient training program, necessarily intended to apply over time to multiple employees); City of Canton v. Harris, 489 U.S. 378, 390-91 (1989); see also Lewis v. City of West Palm Beach, Fla., 561 F. 3d 1288, 1293 (11th Cir. 2009).

Lastly, absent a showing of an underlying constitutional violation, the governmental entity's customs, policies and procedures become moot. City of Los Angeles v. Heller, 475 U.S. 796 (1986)(determining that the extent to which departmental regulations infringe on constitutional rights is irrelevant when no constitutional injury, in fact, occurred). Therefore, to the extent this Court determines that the Plaintiff has not sufficiently alleged an underlying constitutional violation, the Defendants Sheriff and County would likewise be entitled to dismissal on this ground as well.

**E.**    **Sosa Has Not and Cannot Allege A Claim for §1983 Relief Against Martin County Because Florida Law Dictates the Sheriff is An Independent Constitutional Officer Whose Actions County Cannot Control.**

As previously stated, a local government may be held liable under §1983 only for those acts it is actually responsible. Turquitt v. Jefferson Cty., Ala., 137 F.3d 1285, 1287 (11th Cir. 1998) (internal quotations omitted). Such liability cannot be imposed on the basis of *respondeat superior* or vicarious liability. Monell, 436 U.S. at 692. Sosa has named as Defendants both the Sheriff and the County, two separate

governmental entities, and improperly commingled them in the First Amended Complaint apparently attributing the actions of the Sheriff's deputies to the County. However, the County is not responsible for, and can neither officially sanction, order, nor control the actions of the Sheriff in his law enforcement capacity, and no official County policy or custom authorized the alleged acts of the Sheriff in this case. The Sheriff is an elected, independent constitutional officer. Fla. Const. Art. VIII, § 1(d). ("There shall be elected by the electors of each county, for terms of four years, a sheriff. . . ."). "A sheriff's powers, duties and compensation are prescribed by the Florida Legislature." Jones ex rel. Albert v. Lamberti, 2008 WL 4070293 (S.D. Fla. 2008).[8]

Although the County pays the Sheriff's compensation and funds his office, "[t]he County's payment of the sheriff's salary does not translate into control over [the sheriff], since the [C]ounty neither has the authority to change his salary nor the discretion to refuse payment completely." Id. (quoting McMillian v. Monroe Cty., Ala., 520 U.S. 781, 791, 117 S. Ct. 1734, 138 L. Ed. 2d 1 (1997)). Indeed, Section 30.53, Fla. Stat. provides that the "independence of the sheriffs shall be preserved concerning the purchase of supplies and equipment, selection of personnel, and the

---

[8] See Fla. Stat. §§ 30.15 (listing sheriffs' powers), 30.22 (specifying when sheriffs may accept service), 30.49 (instructing each sheriff to certify a proposed budget of expenditures to the board of county commissioners and allowing sheriff to appeal county's decision regarding his budget to the governor), 30.50 (directing the payment of salaries and expenses for the sheriff's office), 30.555 (allowing sheriffs to obtain liability insurance), 145.071 (setting sheriffs' salaries), and 951.033 (allowing sheriffs' prisoners to pay subsistence costs).

hiring, firing, and setting of salaries of such personnel . . . ." Section 30.079, Fla. Stat. further provides that the sheriff as a constitutional officer determines "unilaterally the purpose of the office or department, to such standards of service be offered to the public, and to exercise control and discretion over the organization and operation of the sheriff's office or department."

The County does not and cannot control the day-to-day operations of the Sheriff's office or its law enforcement functions. Weitzenfeld v. Dierks, 312 So. 2d 194, 196 (Fla. 1975) ("[T]he internal operations of the sheriff's office . . . is a function which belongs uniquely to the sheriff as the chief law enforcement officer [. . .]"). "To hold otherwise would do irreparable harm to the integrity of a constitutionally created office." Id.

Given the County's lack of control over the Sheriff, it is not surprising that Sosa's Amended Complaint is devoid of any allegations specific to the County, but instead equates the alleged actions of the Sheriff and his deputies to the County. A cursory review of the pleading reveals that Sosa does not allege that the County controls, dictates, or otherwise influences which actions the Sheriff pursues, and a review of the applicable Florida Statutes makes any allegation to that effect impossible. Likewise, the Amended Complaint disregards the requirements outlined in Monell and its progeny by failing to identify a *County* policy or custom pursuant to which the Sheriff or his deputies were acting. It also fails to allege that any *County* officials spoke with final policymaking authority concerning the acts of the Sheriff

alleged to have caused the particular alleged violation in issue.

In light of this, holding the County liable "would ignore *Monell*'s conception of counties as corporations, would substitute a conception of counties as mere units of geography, and would impose even broader liability than the *respondeat superior* liability rejected in *Monell*." <u>Grech</u>, 335 F.3d at 1331.  Sosa's §1983 claims against the County thus fail on this ground as well and the dismissal should be affirmed.

Additionally, this Court has recognized that official capacity suits against officers and the governmental entities the officers represent are functionally equivalent such that it is redundant and possibly confusing to the jury to name as defendants both the officers sued in their official capacities and the governmental entities they represent, thus warranting dismissal of the governmental entity.  <u>Busby v. City of Orlando</u>, 931 F.2d 764, 776 (11th Cir. 1991); <u>see also</u> <u>Diaz v. Broward Cty., Fla.</u>, 2006 WL 8431659 (S.D. Fla. 2006) (the district court, relying on the holding in <u>Busby</u>, granted Broward County's 12(b)(6) motion to dismiss in a §1983 case because the Broward County Sheriff was also a named defendant).

## <u>CONCLUSION</u>

It was appropriate for the District Court to dismiss the First Amended Complaint with prejudice as the Plaintiff had already amended his complaint and still failed to state a claim for a violation of his constitutional rights, failed to overcome the individual defendants' entitlement to qualified immunity and otherwise failed to plead a viable *Monell* claim. The Appellees Sheriff, Killough, Sanchez and Martin County pray that this Court affirms the District Court's Final Judgment entered in this matter in their favor.

*s/ Summer M. Barranco*
SUMMER M. BARRANCO
Fla. Bar No. 984663
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
Counsel for Appellees Sheriff, Killough, Sanchez
and Martin County
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone (954) 462-3200
Telecopier (954) 462-3861

*s/ Robert David Arthur, II*
SARAH W. WOODS
COUNTY ATTORNEY
Robert David Arthur II
Fla. Bar No. 13130
Senior Assistant County Attorney
Co-counsel for Appellee Martin County
2401 SE Monterey Road
Stuart, FL  34996-3322
(772) 288-5438
(772) 288-5439 Facsimile

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that, pursuant to FRAP 32(a)(7)(B) and 11th Cir.R.32-4 regarding type

volume limitations, according to the word processor program used to create the

foregoing, this Initial Brief contains 6881 words.


*s/ Summer M. Barranco*
SUMMER M. BARRANCO
Fla. Bar No. 984663
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
Counsel for Appellees Sheriff, Killough, Sanchez
and Martin County
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone (954) 462-3200
Telecopier (954) 462-3861


*s/ Robert David Arthur, II*
SARAH W. WOODS
COUNTY ATTORNEY
Robert David Arthur II
Fla. Bar No. 13130
Senior Assistant County Attorney
Co-counsel for Appellee Martin County
2401 SE Monterey Road
Stuart, FL  34996-3322
(772) 288-5438
(772) 288-5439 Facsimile

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed a copy of the foregoing with the Court, which will send electronic notice to: **Harris W. Gilbert, Esquire**, Law Offices of Gilbert & Smallman, PLLC, counsel for Appellant Sosa, 3475 Sheridan Street, Suite 301, Hollywood, FL 33021, hwgilbertlaw@gmail.com, and **Randall L. Kallinen, Esquire**, Kallinen Law PLLC, 511 Broadway Street, Houston, TX 77012, attorneykallinen@aol.com and **David Arthur, Esquire**, co-counsel for Martin County, 2401 SE Monterey Road, Stuart, FL 34996, legalEsvc@martin.fl.us, darthur@martin.fl.us this 3rd day of December, 2020.

*s/ Summer M. Barranco*
SUMMER M. BARRANCO, Esq.
Florida Bar No.: 984663
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone (954) 462-3200
Telecopier (954) 462-3861
E-mail: summer@purdylaw.com
        melissa@purdylaw.com