IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH
CIRCUIT

CASE NO 20-12781-BB DAVID SOSA

Plaintiff/Appellant, vs.

SHERIFF WILLIAM SNYDER OF MARTIN COUNTY, FLORIDA,
in his official capacity, MARTIN COUNTY, FLORIDA, DEPUTY M.
KILLOUGH, individually, DEPUTY SANCHEZ,
individually, and JOHN DOE MARTIN COUNTY DEPUTIES,

Defendants/Appellees,

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:19-cv-14455-DMM

---

EN BANC BRIEF OF APPELLEES SHERIFF WILLIAM SNYDER, DEPUTY
KILLOUGH, DEPUTY SANCHEZ AND MARTIN COUNTY

---

SUMMER M. BARRANCO
Florida Bar No. 984663 PURDY,
JOLLY, GIUFFREDA, BARRANCO &
JISA, P.A.
2455 East Sunrise Boulevard,
Suite 1216
Fort Lauderdale, Florida 33304
Telephone: (954) 462-3200
Telecopier: (954) 462-3861
Counsel for Appellees Sheriff, Killough,
Sanchez and Martin County

SARAH W. WOODS COUNTY
ATTORNEY
ROBERT DAVID ARTHUR II
Florida Bar No. 13130
Senior Assistant County Attorney
2401 SE Monterey Road
Stuart, FL 34996-3322
(772) 288-5438
(772) 288-5439 Facsimile
Co-counsel for Appellee Martin
County

# CERTIFICATE OF INTERESTED PERSONS/CORPORATE DISCLOSURE STATEMENT

Counsel for Appellees/Defendants Sheriff, Killough, Sanchez and Martin County certify that the following persons and/or entities have or may have an interest in the outcome of this case:

Arthur, David, Co-counsel for Defendant/Appellee Martin County, Florida;

Barranco, Summer M., Esquire, Counsel for Defendants/Appellees Sheriff, Killough, Sanchez and Martin County;

Gilbert, Harris W., Counsel for Plaintiff/Appellant;

Kallinen Law PLLC, Counsel for Plaintiff/Appellant;

Kallinen, Randall L., Counsel for Plaintiff/Appellant;

Killough, Deputy, Defendant/Appellee;

Law Offices of Gilbert & Smallman, PLLC, Counsel for Plaintiff/Appellant;

Martin County, Florida, Defendant/Appellee;

Middlebrooks, Donald M., United States District Court District Judge;

Purdy, Jolly, Giuffreda, Barranco & Jisa, P.A., Counsel for Defendants/Appellees Sheriff, Killough, Sanchez and Martin County;

Sosa, David, Plaintiff/Appellant;

Snyder, William, Sheriff of Martin County, Defendant/Appellee;

Sanchez, Deputy, Defendant/Appellee;

# STATEMENT REGARDING ORAL ARGUMENT

This matter has been scheduled for en banc rehearing with oral argument before the Court set for October of 2022.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ................................................................ C1

STATEMENT REGARDING ORAL ARGUMENT ................................................. i

TABLE OF CONTENTS ........................................................................... ii

TABLE OF CITATIONS ........................................................................... iii

PRELIMINARY STATEMENT .................................................................... 1

STATEMENT OF THE ISSUES .................................................................. 2

STATEMENT OF THE CASE ..................................................................... 3

    A. COURSE OF PROCEEDINGS ............................................................ 3

    B. STATEMENT OF THE FACTS ........................................................... 4

    C. STANDARD OF REVIEW .................................................................. 6

SUMMARY OF THE ARGUMENT ............................................................... 7

ARGUMENT AND AUTHORITY ................................................................ 9

I. DID DAVID SOSA PLAUSIBLY ALLEGE AN OVERDETENTION CLAIM IN VIOLATION OF HIS FOURTEENTH AMENDMENT SUBSTANTIVE DUE-PROCESS RIGHTS? ................................................................... 9

II. ASSUMING HE DID, WAS THE VIOLATION CLEARLY ESTABLISHED IN APRIL OF 2018? ........................................................................ 17

CONCLUSION ...................................................................................... 21

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)(7)(B) ............................. 22

CERTIFICATE OF SERVICE ..................................................................... 23

# TABLE OF CITATIONS

## CASELAW

Alcocer v. Mills, 906 F.3d 944 (11th Cir. 2018) ..................................................... 10

Anderson v. Creighton, 483 U.S. 635 (1987) .......................................................... 18

Ashcroft v. Iqbal, 556 U.S. 662 (2009).........................................................6,11, 16

Baker v. McCollan, 443 U.S. 137 (1979)..............................8, 10, 14, 15, 16, 17, 19

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) .............................................6,11

Burnette v. Taylor, 533 F.3d 1325 (11th Cir. 2008) ............................................. 12

Cannon v. Macon County, 1 F.3d 1558 (11th Cir. 1993)....................8, 9, 16, 17, 19

Dalrymple v. Reno, 334 F.3d 991 (11th Cir. 2003) ...................................................6

Daniels v. Williams, 474 U.S. 327 1986) ..................................................................9

Davidson v. Cannon, 474 U.S. 344 (1986) ................................................................9

Hill v. White, 321 F.3d 1334 (11th Cir. 2003)...........................................................6

Hoyt v. Crooks, 672 F.3d 973 (11th Cir. 2012)....................................................... 18

Lewis v. City of West Palm Beach, 561 F.3d 1288 (11th Cir. 2009) ....................... 18

Morris v. Town of Lexington Ala., 748 F.3d 1316 (11th Cir. 2014)........................ 18

Peterson v. Atlanta Housing Auth., 998 F.2d 904 (11th Cir. 1993) ....................... 11

Popham v. City of Talladega, 908 F.2d 1561 (11th Cir.1990) ............................... 10

Richardson v. Johnson, 598 F.3d 734 (11th Cir. 2010) .......................................... 14

Sosa v. Martin County, 13 F.4th 1254 (11th Cir. 2021) ......................................15,16

West v. Tillman, 496 F.3d 1321 (11th Cir. 2007) ................................................... 10

White v. Pauly, 137 S.Ct. 548 (2017)........................................................................ 17

Williams v. Bennett, 689 F.2d 1370 (11th Cir. 1982) ............................................. 10

## **STATUTES**

42 U.S.C.1983. ........................................................................................................10

Florida Statute 119............................................................................................................12

## <u>PRELIMINARY STATEMENT</u>

Reference to pleadings and other court papers in this En Banc brief will be made by referring to the document number, and page number within the document. References to line number or paragraph number will be made as appropriate. [R-_____-pg.___-ln.___-¶____].

## STATEMENT OF THE ISSUES

I.      DID DAVID SOSA PLAUSIBLY ALLEGE AN OVERDETENTION

CLAIM IN VIOLATION OF HIS FOURTEENTH AMENDMENT

SUBSTANTIVE DUE-PROCESS RIGHTS?

II.     ASSUMING HE DID, WAS THE VIOLATION CLEARLY

ESTABLISHED IN APRIL OF 2018?

# STATEMENT OF THE CASE

## A.  Course of Proceedings

On November 19, 2019, Plaintiff filed his original complaint [R-1], to which the Defendants filed their Motions to Dismiss [R-15, 17]. On March 9, 2020, Plaintiff filed his Amended Complaint pursuant to Rule 15(a). [R-18]. Thereafter, Defendants again filed Motions to Dismiss. [R-19, 22]. Plaintiff filed responses thereto [R-23, 27] and Defendants filed their Replies in Support of their Motions to Dismiss. [R-26, 28]. On June 25, 2020, the trial court judge entered an Order granting the Defendants' Motions to Dismiss with prejudice. [R-32]. The instant appeal followed. [R-33, 34].

After submission of the parties' briefs and oral argument by their counsel, this Court by way of a three-judge panel consisting of the Honorable Circuit Judges Martin, Rosenbaum and Luck issued a published opinion on September 20, 2021. This opinion affirmed the district court's dismissal of Sosa's Fourth Amendment and Monell claims and reversed the district court's dismissal of Sosa's Fourteenth Amendment overdetention claim. Thereafter on January 4, 2022 the Court sua sponte ordered that this appeal would be reheard en banc which thereby vacated the panel's opinion.

**B.**     <u>Statement of the Facts</u>[1]

This case arises out of the mistaken arrest of Plaintiff, David Sosa, pursuant to a warrant for the arrest of another individual by the same name. On April 20, 2018, Defendant Killough stopped Plaintiff for committing a traffic violation in Martin County, Florida. (DE 18 ¶39). Defendant Killough ran Plaintiff's name during the traffic stop and identified a warrant out of Texas for a "David Sosa." (Id. at ¶¶39-41). It appears the warrant was issued approximately 27 years ago and included personal identifiers for the wanted David Sosa. (Id. at ¶22). According to the complaint, the Plaintiff's date of birth, height, weight, and social security number differed from those listed on the warrant, along with other physical identifiers, such as a tattoo. (Id. at ¶¶22, 41). However, other than a clearly stated 40-pound weight discrepancy, the extent of these differences is unclear based on the facts pled.

Despite Plaintiff's protests that the warrant was for another individual, as evidenced by the difference in date of birth, social security number, and other identifiers, Defendant Killough nonetheless arrested Plaintiff on the basis of this warrant. (Id. at ¶41). Plaintiff was processed at the Martin County jail. (Id. at ¶43). During the booking process, Plaintiff unsuccessfully attempted to explain to Defendant Sanchez and other Martin County employees that his identifying

_____

[1] With the exception of the last paragraph, these facts are taken from the District Court's Order granting the Defendants' Motions to Dismiss. [R-32].

information did not match the warrant. Id. At his first appearance, Plaintiff alleges that he wanted to explain the case of mistaken identity to the judge, but he was threatened by Martin County jailers not to speak to the judge during the hearing. (Id. at ¶44). Plaintiff was released from custody on April 23, 2018. (Id. at ¶45).

Plaintiff alleged in his operative Complaint that he had been previously stopped and arrested by Martin County Sheriff's deputies in November of 2014 on the warrant and had been fingerprinted and released in three hours[2]. [R18-₱₱35-38]. About 3 ½ years later, on Friday April 20, 2018 when he was again arrested on the warrant by Martin County Sheriff's Deputy Killough he was fingerprinted and released three days later on Monday, April 23rd. [R18-₱₱35-39-45]. The operative Complaint does not otherwise contain *any allegations whatsoever* regarding the jail's fingerprinting system. The operative Complaint contained no allegations in regard to what fingerprinting system existed at the jail, what was involved in the process of comparing Plaintiff Sosa's fingerprints in a Florida jail with those of the man wanted on the 27-year-old Texas warrant or whether such a comparison could be made over a weekend. It also contained no allegations as to whether Defendant Sanchez was allowed access to such a system, knew how to utilize the system or how anyone at the jail could go about utilizing fingerprints to

---

[2]Plaintiff did not allege that his detention in 2014 involved a weekend. In fact, it did not. Although not a part of the record, Martin County Sheriff's office records for Plaintiff Sosa's first arrest indicate it occurred on November 13, 2014—a Thursday.

determine whether or not Plaintiff David Sosa was in fact the individual wanted by the decades old out of state warrant.

## C.  <u>Standard of Review</u>

A district court's dismissal under Rule 12(b)(6) is subject to *de novo* review.

<u>Hill v. White</u>, 321 F.3d 1334, 1335 (11th Cir. 2003).  To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Id</u>. "[N]aked assertions devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotation and alteration omitted). Unless the Appellant has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." <u>Twombly</u>, 550 U.S. at 570.  "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." <u>Dalrymple v. Reno</u>, 334 F.3d 991, 996 (11th Cir. 2003) (citations omitted).

# SUMMARY OF THE ARGUMENT

Plaintiff may not amend his complaint by way of new allegations set forth in his appellate briefs. A review of the Amended Complaint demonstrates that Plaintiff David Sosa did not plausibly allege an overdetention claim in violation of his Fourteenth Amendment substantive due process rights which requires deliberate indifference on the part of a defendant, not simply negligence. This failure is particularly obvious when analyzing Plaintiff Sosa's overdetention claim against Defendant Sanchez, who is the only individually named defendant Plaintiff alleges that he spoke with about his situation at the jail.

In stark contrast to Plaintiff Sosa's argument in his En Banc brief that the collective "Defendants" could have conducted a simple and fast fingerprint procedure in order to obtain Sosa's release from the Martin County jail, the operative Complaint contained *no allegations whatsoever* regarding the jail's fingerprinting system, or what was involved in the process of comparing Plaintiff Sosa's fingerprints in a Florida jail with those of the man wanted on the 27-year-old Texas warrant over a weekend. It also contained no allegations as to whether Defendant Sanchez had any access to such a system or how anyone at the jail could go about utilizing fingerprints to determine whether or not David Sosa was in fact the individual wanted by the decades old out of state warrant. The operative complaint merely states that Plaintiff Sosa was fingerprinted before his release in 2014 and in 2018.

However, even if it were assumed that Plaintiff Sosa did state such a violation, at the time of Plaintiff's detention in April of 2018 the law was not clearly established that it was a violation of the Due Process Clause of the 14th Amendment to detain an individual for three days over a weekend when there was a valid 27-year-old out of state warrant that matched his name and sex and otherwise had no significant inconsistencies. Appellant Sosa's reliance on Cannon v. Macon County[3] is inapposite as it is not factually similar enough to have put Defendant *Sanchez* on notice that his conduct was unlawful, particularly in light of the Supreme Court's long-standing opinion in the more factually similar case of Baker v. McCollan[4]. As a result, Defendant Sanchez is entitled to qualified immunity on Plaintiff's section 1983 overdetention claim against him.

---

[3] 1 F.3d 1558 (11th Cir. 1993).
[4] 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d. 433 (1979).

# ARGUMENT AND AUTHORITY

## I.  DAVID SOSA DID NOT PLAUSIBLY ALLEGE AN OVERDETENTION CLAIM IN VIOLATION OF HIS FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS RIGHTS.

As this appeal concerns the granting of a motion to dismiss, it is imperative for the Court's focus to be on what was, and what was not, pled by the Plaintiff in the Amended Complaint—not on what was argued by Plaintiff in his subsequent briefs. Plaintiff may not amend his complaint by way of new allegations set forth in his brief. A review of the Amended Complaint demonstrates that Plaintiff David Sosa did not sufficiently allege an overdetention claim in violation of his Fourteenth Amendment substantive due process rights. This is particularly obvious when analyzing his overdetention claim against Defendant Sanchez and determining Deputy Sanchez's entitlement to qualified immunity in this case.

To plausibly allege an overdetention claim in violation of the 14th Amendment, more than simple negligence on the part of a defendant must be shown:[5]

> When an over-detention occurs and the Fourteenth Amendment governs the analysis, a plaintiff must demonstrate that the defendant acted with *deliberate indifference* to her due-process rights. Id. at 1327. That requires her to show three things: (1) the defendant had subjective

---

[5] As noted by this Court in Cannon v. Macon County, 1 F.3d 1558, 1563 (11th Cir. 1993): "[t]he Supreme Court has stated that negligent conduct does not give rise to § 1983 liability for resulting unintended loss of or injury to life, liberty, or property. Davidson v. Cannon, 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986); Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986)."

knowledge of a risk of serious harm, consisting of continued detention when the plaintiff was entitled to be released; (2) he disregarded that risk; and (3) he did so by conduct that is more than mere negligence. See id. (citation omitted) (italics added).

Alcocer v. Mills, 906 F.3d 944, 953 (11th Cir. 2018). This deliberate indifference standard is "a difficult burden for a plaintiff to meet," Popham v. City of Talladega, 908 F.2d 1561, 1563 (11th Cir.1990) and it is a question of law as to whether Plaintiff has carried his burden. See West v. Tillman, 496 F.3d 1321, 1327 (11th Cir. 2007).

Furthermore, it has long been the law that for a Plaintiff to state a claim pursuant to Title 42 U.S.C. §1983, he must establish that each named defendant was the particular person who violated his substantive constitutional rights. See Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). This Court in Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982), cert. denied, 464 U.S. 932 (1983), held that the language in §1983 plainly requires proof of an affirmative causal connection between the actions taken by a particular person "under color of state law" and a constitutional deprivation. Id at 1380. To prevail against an individual defendant under §1983, the plaintiff must establish that the conduct alleged violated a constitutional right, that the individual defendant intentionally, or by callous indifference, was a cause of the constitutional deprivation, and that this deprivation was a legal cause of his injuries. Id at 1381.

A claim has facial plausibility when the pleaded factual content allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556. When considering a motion to dismiss, while the Court accepts all of the plaintiff's well pled allegations as true, it need not accept legal conclusions as true. Iqbal, supra. Furthermore, as this Court has noted, a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [him]." Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 1949; see also Twombly, 550 U.S. at 555 (a "formulaic recitation of the elements of a cause of action" will not pass 12(b)(6) muster).

In stark contrast to Plaintiff Sosa's argument in his En Banc brief which states: "[Sosa] alleged that Appellees chose not to conduct a routine procedure for three days without reason" and that a "simple and routine fingerprint check" was all that was needed in order to obtain Sosa's release from the Martin County jail[6], notably absent from the operative Complaint are *any allegations whatsoever* regarding the jail's fingerprinting system. The operative Complaint is silent in regard to what fingerprinting system existed at the jail, or what was involved in the process of comparing Plaintiff Sosa's fingerprints in a Florida jail with those of the man wanted on the 27-year-old Texas warrant over a weekend. It also contained no

---

[6] See e.g. Appellant Sosa's En Banc brief at pgs. 5, 7.

allegations as to whether Defendant Sanchez was allowed access to such a system, knew how to utilize the system or how anyone at the jail could go about utilizing fingerprints to determine whether or not David Sosa was in fact the individual wanted by the decades old out of state warrant over a weekend[7]. The operative complaint merely states that Plaintiff Sosa was fingerprinted before his release in 2014 and in 2018 [R-18- ¶¶37, 45].

Plaintiff Sosa often refers to the Appellees/Defendants collectively and contends that "their actions" violated David Sosa's rights. (See e.g., Sosa En Banc brief at pages 5-7, 10, 12, 14, 15). However, each individual Defendant's conduct must be judged separately and on the basis of what that person knew. Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008). There are no allegations that Defendant Sanchez—who is the only named deputy who Plaintiff spoke to about his situation at the jail—was deliberately indifferent to Sosa's due process rights or are there sufficient facts pled that would support such an inference of misconduct on Defendant Sanchez's part. To be clear, the only specific factual allegations as to Defendant Sanchez in the Amended Complaint are in paragraph 43 which reads:

> 43. David was then taken to the Martin County jail to be processed, as he repeatedly explained to many Martin County employees to that his date of birth and other identifying information

---

[7]The age of the warrant and the fact that it was from out of state would have likely slowed down any fingerprinting comparison that took place as it may have required a manual comparison. Prior to even filing his lawsuit, Plaintiff could have obtained information regarding such details by way of public records requests pursuant to Florida Statute 119.

was different than the information on the warrant for the wanted David Sosa. He explained this in detail to a Martin County deputy named Sanchez as well as some other Martin County jailers and employees in the booking area, who took down his information and claimed they would look into the matter.

There are no allegations as to what Deputy Sanchez's job was in the jail or whether he would have had the ability to do anything about Mr. Sosa's situation much less that he was deliberately indifferent to Mr. Sosa's due process rights. In fact, paragraph 47 of the operative Complaint alleges that the deputies "look[ed] into David's problems by informing their supervisors and the Sheriff"[8] which further supports the conclusion that the Amended Complaint fails to set forth sufficient facts to demonstrate that the Defendant Sanchez violated Plaintiff Sosa's 14th Amendment rights and is not otherwise entitled to qualified immunity.

Plaintiff Sosa contends in his En Banc brief at page 10 that:

*Their* conduct went beyond mere negligence because (a) the fingerprinting that proved David's innocence was a fast, standard, and readily available procedure that had previously gotten him out of jail in only three hours before, and (b) *they* actively prevented him from attempting to prove his innocence to the magistrate one day into his detention. (italics added).

However, as previously noted, there are no allegations *in the Amended Complaint* that concern what fingerprinting procedure was available in the jail much

---

[8]Paragraph 47 states: "*Despite the deputies looking into David's problems by informing their supervisors and the Sheriff* no files or other system was created to prevent David and those like him from being wrongfully arrested." (italics added).

less whether it was "fast", "standard" or "readily available" to any of the deputies in the jail[9]. These are new allegations only contained in Plaintiff's En Banc brief— not in the Amended Complaint. Furthermore, Deputy Sanchez who is the only individually named Defendant relevant to Plaintiff's 14th Amendment claim of overdetention[10] was not alleged to have been involved in Plaintiff's 2014 release or be present in the court room during Plaintiff's first appearance hearing in 2018. While reasonable inferences can be drawn from Plaintiff's allegations in the operative complaint, the Court cannot rewrite the Complaint for Plaintiff.

In regard to the applicability of Baker to the case at bar, the Honorable Judge Luck perhaps said it best when he stated in his prior dissent in this proceeding:

> Baker v. McCollan, 443 U.S. 137 (1979) controls this case…. "The Constitution does not guarantee that only the guilty will be arrested," the Court continued, and "[t]he Fourteenth Amendment does not protect against all deprivations of liberty." Id. at 145. "Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial," the Court did "not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent." Id. at 145–46…Given the Supreme Court's certainty, I think we are bound to conclude that Sosa's three-day detention on a facially valid warrant, despite his repeated claims of mistaken identity, did not and could not amount to a deprivation of his liberty without due process.

---

[9] In addition, Plaintiff did not plead that his detention in 2014 involved a weekend. In fact, it did not.

[10] The only other individually named Defendant, Deputy Killough, was not alleged to have been in the jail while Plaintiff Sosa complained about his overdetention. Plaintiff's references to John Doe Martin County deputies are otherwise irrelevant as fictitious-party pleading is generally not permitted in federal court. See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).

<u>Sosa v. Martin County</u>, 13 F.4th 1254 (11th Cir. 2021).

Furthermore, it is apparent from the operative Complaint that Plaintiff Sosa like Linnie McCollan the arrestee in <u>Baker</u>, has not attacked the validity of the old warrant for David Sosa. Plaintiff Sosa's complaint, like that of Linnie McCollan, in <u>Baker</u>, is "simply that despite his protests of mistaken identity, he was detained" at the jail for three days until "the validity of his protests was ascertained." <u>See</u> <u>Baker</u>, 443 U.S. at 143-44. Although the Supreme Court in <u>Baker</u> stated that detention "pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of 'liberty. . . without due process of law'" <u>Baker</u>, 443 U.S. at 145, it ultimately held that Linnie's three-day detention (from December 30th to January 2nd) did not amount to a violation of his due process rights under the 14th Amendment as he had received all the process that he was due. So too should this Court view Sosa's due process claim. The District Court noted in its opinion below that even if Plaintiff Sosa had a claim under state tort law (which Defendants do not concede), he did not have a federal constitutional claim. This Court should find as the Supreme Court did in <u>Baker</u> that Plaintiff has not stated a claim for a violation of the 14th Amendment.

Plaintiff asserts in his En Banc brief that technology and law enforcement techniques have evolved since the time of <u>Baker</u> which should somehow entitle his overdetention claim to survive Defendants' motion to dismiss and proceed to

discovery on these issues. This misses the point that Plaintiff's factual allegations still needed to be sufficient in his operative Complaint which as previously stated were not. In short, the Plaintiff's technology assumptions regarding fingerprints are completely factually unsupported in the operative Complaint. As the Supreme Court has stated: plaintiff "does not unlock the doors of discovery . . . armed with nothing more than conclusions." Iqbal, 556 U.S. at 578-79.

Sosa also attempts to distinguish Baker in his En Banc brief by stating "the fact that David was partially detained during the workweek both increased the damages he suffered and, more importantly, removes the holiday weekend justification present in Baker for a three-day detention." (Sosa En Banc brief at pg. 11). However, Sosa's arrest on Friday, April 20, 2018 occurred at the tail end of the work week, and his release three days later on a Monday, is very much like the situation in Baker in which the United States Supreme Court declined to recognize a constitutional violation. The trial court correctly concluded that the Defendant officers did not violate the Constitution by arresting and subsequently booking and detaining Sosa for three days. [R-32-pg. 7].

Cannon v. Macon County, supra is factually distinguishable from the case at bar as noted by Judge Luck in his dissent[11] in at least two key ways: the existence of a valid warrant for Sosa and his much shorter time of incarceration. Unlike the

---

[11] See Sosa, supra at 1287-88.

undisputed valid warrant that existed in the present case for a David Sosa, Plaintiff Mary Parrott's detention in <u>Cannon</u> was the product of an unreliable affidavit which led to her being held pursuant to a facially deficient warrant. Additionally, Mary Cannon was held for seven days which is significantly longer than the period of time David Sosa or the respondent in <u>Baker</u> was held. The Defendants would otherwise adopt Judge Luck's reasoning as set forth in his dissent.

## II. EVEN ASSUMING PLAINTIFF SOSA DID PLAUSIBLY ALLEGE A VIOLATION OF HIS 14TH AMENDMENT DUE PROCESS RIGHTS, SUCH A VIOLATION WAS NOT CLEARLY ESTABLISHED IN APRIL OF 2018.

Even if Plaintiff could show that the Defendant Sanchez violated Sosa's constitutional rights, he still fails to overcome Deputy Sanchez's entitlement to qualified immunity as he cannot show that binding case law existed at the time of the incident that would have put a reasonable corrections deputy in similar circumstances on notice that his conduct violated clearly established law.

The United States Supreme Court has on more than one occasion reiterated the fact that: "'clearly established law' should not be defined at a high level of generality...the clearly established law must be particularized to the facts of the case." See <u>White v. Pauly</u>, 137 S.Ct. 548, 552, 196 L.Ed.2d 463 (2017) (internal citations omitted). "[T]he right the official is alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense: the contours of the right must be sufficiently clear that a reasonable official would understand

that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

The burden is on plaintiff to identify a case where an officer acting under similar circumstances as the defendant was held to have violated the Constitution. Pauly, 137 S.Ct. at 552. This Court has "'said many times that if case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant.'" Hoyt v. Crooks, 672 F.3d 973, 977 (11th Cir. 2012).

"A right may be clearly established for qualified immunity purposes in one of three ways: (1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." Lewis v. City of West Palm Beach, 561 F.3d 1288, 1291-92 (11th Cir. 2009) (internal citations omitted).

Plaintiff Sosa's En Banc brief asserts that he proceeds under the second and third ways to attempt to overcome qualified immunity here. Although a plaintiff does not need to demonstrate case law "specifically addressing his factual scenario, existing precedent must have placed the statutory or constitutional question *beyond debate*." Morris v. Town of Lexington Ala., 748 F.3d 1316, 1322 (11th Cir. 2014) (emphasis added). This is plainly not the situation here.

Perhaps most telling here is the fact that two judges of this Honorable Court have determined that these allegations give rise to § 1983 liability while two other federal judges[12] have determined that the allegations do not give rise to such liability. If the unlawfulness of Defendant Sanchez's conduct was readily apparent as urged by Appellant Sosa, four federal judges would not be coming to two antithetical conclusions on this issue.

Plaintiff Sosa does not point to any such clear precedent that supports his position. Instead in Appellant's En Banc brief at page 22 he relies on a hypothetical situation which has no applicability to the present case given the lack of any specific facts regarding the jail's fingerprint system in the operative Complaint as previously indicated. Plaintiff's responses to the Defendants' motions to dismiss did not specifically refer to any case law on this point either. [R-23, 27]. In his En Banc brief Appellant Sosa relies on Cannon, which as previously stated, is not factually similar enough to have put Defendant *Sanchez* on notice that his conduct was unlawful, particularly in light of the Supreme Court's long-standing opinion in the more factually similar case of Baker which supports the conclusion that no constitutional violation was stated by Plaintiff in the Amended Complaint.

At the time of Plaintiff's detention in April of 2018 the law was not clearly established that it was a violation of the Due Process Clause of the 14th

---

[12] Eleventh Circuit Court Judge Robert J. Luck and District Court Judge Donald M. Middlebrooks.

Amendment to detain an individual for three days over a weekend when there was a valid 27-year-old out of state warrant that matched his name and sex and otherwise had no significant inconsistencies. As a result, Defendant Sanchez is entitled to qualified immunity on Plaintiff's section 1983 overdetention claim against him.

## <u>CONCLUSION</u>

It was appropriate for the District Court to dismiss the First Amended Complaint with prejudice as the Plaintiff had already amended his complaint and still failed to state a claim for a violation of his constitutional rights, failed to overcome the individual defendants' entitlement to qualified immunity and otherwise failed to plead a viable <u>Monell</u> claim. The Appellees Sheriff, Killough, Sanchez and Martin County pray that this Court affirms the District Court's Final Judgment entered in this matter in their favor.

# CERTIFICATE OF COMPLIANCE

I hereby certify that, pursuant to FRAP 32(a)(7)(B) and 11th Cir.R.32-4

regarding type volume limitations, according to the word processor program used to

create the foregoing, this En Banc Brief contains  4570  words.


*s/ Summer M. Barranco*
SUMMER M. BARRANCO
Fla. Bar No. 984663
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
Counsel for Appellees Sheriff, Killough, Sanchez and Martin County
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone (954) 462-3200
Telecopier (954) 462-3861


*s/ Robert David Arthur, II*
SARAH W. WOODS
COUNTY ATTORNEY
Robert David Arthur II
Fla. Bar No. 13130
Senior Assistant County Attorney
Co-counsel for Appellee Martin County
2401 SE Monterey Road
Stuart, FL  34996-3322
(772) 288-5438
(772) 288-5439 Facsimile

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that I have electronically filed a copy of the foregoing with the Court, which will send electronic notice to: **Harris W. Gilbert, Esquire**, Law Offices of Gilbert & Smallman, PLLC, counsel for Plaintiff, 3475 Sheridan Street, Suite 301, Hollywood, FL 33021, hwgilbertlaw@gmail.com, **Randall L. Kallinen, Esquire**, Kallinen Law PLLC, 511 Broadway Street, Houston, TX 77012, attorneykallinen@aol.com and **David Arthur, Esquire**, co-counsel for Martin County, 2401 SE Monterey Road, Stuart, FL 34996, legalEsvc@martin.fl.us, darthur@martin.fl.us this 18th day of March, 2022.


*s/ Summer M. Barranco*
SUMMER M. BARRANCO, Esq.
Florida Bar No.: 984663
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
Counsel for Defendants Sheriff, Killough, Sanchez, and Martin County
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone (954) 462-3200
Telecopier (954) 462-3861
E-mail: Summer@purdylaw.com
　　　　Isabella@purdylaw.com